THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE LOPEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>DON BLANDO, PROBATION OFFICER; TONY BERRAT, PROBATION AND PAROLE; ANN SHAE, PROSECUTOR; BUTTE SILVER BOW DETENTION CENTER, MARK JOHNSON,<br><br>      Defendants. | CV 21-75-BU-BMM<br><br>ORDER |

Plaintiff Lee Lopez filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Liberally construed, Mr. Lopez alleges cruel and unusual punishment and a denial of medical care in violation of the Eighth Amendment. *Id*. at 3-5. Additionally, it appears he may be attempting to advance some form of a due process violation. *Id.* at 7-9. Although Mr. Lopez did submit a motion to proceed in forma pauperis, he did not provide a copy of his inmate account statement. He was directed to either pay the filing fee or complete the in forma pauperis process.

1

See, (Doc. 5.)1 Mr. Lopez did not respond to the Court's order. Additionally, he is no longer in custody at the Butte Silver Bow Detention Center, but he has failed to provide the Court with an updated mailing address as previously instructed. See, (Doc. 3 at 2); (Doc. 5 at 2-3.) Mr. Lopez was advised that failure to do so would result in dismissal of his Complaint. *Id*. Mail sent to Mr. Lopez has been returned to the Court on two separate occasions. See, (Docs. 4 & 6.)

**Failure to Prosecute**

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts or other applicable law. See Rule 11, Section 2254 Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's

---

1 The Court inadvertently noted initially that Mr. Lopez had not submitted his in forma pauperis application. He did submit the form, but not an account statement as required. See e.g., (Doc. 1 at 1, ¶ 1.)

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Lopez has failed to respond to the Court's order and has not provided a current mailing address, despite being advised of his obligation to do so. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Lopez refuses to comply with the Court's orders and deadlines. Mr. Lopez's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Lopez was afforded an adequate amount of time in which to provide his response to the Court's order, but failed to do so. Additionally, he was clearly instructed on more than one occasion of his obligation to keep his contact information updated. Without a current mailing address, the Court is unable to communicate with Mr. Lopez. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the

weight of this factor is slight. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Based on the foregoing, the Court enters the following:

## ORDER

1. This Complaint (Doc. 2) is DISMISSED for failure to prosecute.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 15th day of November, 2021.

_____
Brian Morris, Chief District Judge
United States District Court